**IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DOMINGO HERRERA,** | )( | **Civil Action No.: 4:20-CV-2083** |
| | )( | **(Jury Trial)** |
| *Plaintiff,* | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| | )( | |
| **CITY OF HOUSTON, TEXAS; and** | )( | |
| **JOHN DOE OFFICERS,** *Individually,* | )( | |
| | )( | |
| *Defendants.* | )( | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT and REQUEST FOR CLASS ACTION**</u>

**TO THE HONORABLE JUDGE OF THE COURT:**

      **NOW COMES** Plaintiff DOMINGO HERRERA complaining of City of Houston, Texas and John Doe Officers, Individually, and requesting class action status and will show the Court the following:

<u>**JURISDICTION AND VENUE**</u>

      1.    This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction, under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims, if any.

      2.    Venue is proper in this Court, under 28 U.S.C. § 1391(b), because the incident at issue took place in Harris County, Texas within the United States Southern District of Texas.

<u>**PARTIES**</u>

      3.    Domingo Herrera is a resident of Harris County, Texas.

4.     The City of Houston, Texas, is a municipality existing under the laws of the State of Texas and situated mainly in Harris County, Texas in the U.S. Southern District of Texas and can be served with process by serving the City of Houston Secretary at 901 Bagby, Houston, TX 77012.

5.     John Doe Officers are those officers involved in the false arrest, excessive force, and First Amendment violations against Plaintiff and can be served with process at 61 Reisner, Houston, TX 77002 or wherever they are found.

## FACTS

6.     Plaintiff Domingo Herrera is a hero having received his own "day" by a City of Houston proclamation for capturing a knife-wielding thief who had just stabbed a woman and stole her purse August 25, 2018. See **Exhibit 1.**

7.     June 2, 2020 Plaintiff was peacefully protesting in downtown Houston on a sidewalk concerning the murder of Houston native George Floyd by a Minneapolis police officer and other matters.

8.     Plaintiff was committing no crime and was filming the events with many other protesters around him.

9.     A large group of Houston police officers in riot gear then converged on the protesters, including Plaintiff, and pushed them against their will into a small space.

10.     Domingo requested several times to leave but was told he was being detained by an unknown Houston police officer.

11.     Plaintiff was then grabbed, his hands were bound with "zip ties" and he was placed on a bus. Many other protestors were also put on the bus and then taken to the Harris County jail.

PLAINTIFF'S ORIGINAL COMPLAINT                                             Page 2

12.     Plaintiff was held in the Harris County jail for about 24 hours before getting out on a personal recognizance ("PR") bond. One of the requirements of the PR bond was not commit any crimes otherwise a warrant would be issued for Plaintiff's arrest. Plaintiff, therefore, did not return to protest when he desired to do just that.

13.     Plaintiff at some point found out he was being charged with obstructing a roadway.

14.     On June 9, 2020 hundreds of protesters' obstructing a roadway charges were dropped including Plaintiff's.

15.     Over 700 others charged with obstructing a roadway during the George Floyd protests in late May 2020 and early June 2020 also had their cases dismissed.

16.     During the protests Plaintiff had not obstructed any roadway or committed any crime.

17.     City officials described the protest as "no significant damages or injuries" having occurred.

18.     On May 29, 2020 Percy Utley, 36, is an African American male who is a glazer and a father who lives in Houston, Texas went downtown to protest.

19.     Percy and some other protestors were at the corner of Rusk and Main at around 10:30 PM when a group of Houston police officers in riot gear told the protestors to "disburse" and to "go home" causing Percy to leave the area. Percy did want to "disburse" or "go home" but wanted to remain with the other protestors and continue with the chanting and talking about the issues associated with the death of George Floyd. There was no legal reason for the Houston police to request "disbursing" or requiring Percy and the other protestors to go home.

20.     As Percy was attempting to leave, the group of HPD officers surrounded Percy and other protestors and said they were going to jail.

PLAINTIFF'S ORIGINAL COMPLAINT                                                          Page 3

21.     One HPD officer pushed Percy against a wall causing pain.

22.     Percy was handcuffed with a "zip tie" as were many other protestors who had been corralled by the HPD officers. No officer articulated any valid reason for the arrest.

23.     Percy was uncertain as to how long he would be in jail so he called his brother. At some point Percy's brother came to the area and had Percy's vehicle towed at a cost of $150.00.

24.     Eventually Percy and other protestors were put in a bus and taken to the Houston City Jail at 61 Reisner in Houston.

25.     At no time that evening did Percy commit any crime nor did he see any of the protestors commit any crime. All the HPD officers present could see the legal activities of the protestors and the illegal activities of other officers. No HPD officer intervened by words or actions to prevent any of the actions of any other HPD officer.

26.     Percy was let go from the jail at around 5 AM the next morning without any charges. As Percy was being let go an HPD officer stated if Percy came back out again Percy would get two "charges." Percy very much wanted to continue to be with the other like-minded protestors and chant slogans and walk in the downtown area but did not based upon the threats of charges by the HPD officer and what had just happened to him.

## VIOLATION OF THE 1ST, 4TH, AND 14TH AMENDMENTS

27.     Plaintiff incorporates all preceding paragraphs as if set fully set forth herein.

28.     The First Amendment provides, in part, that:

*Congress shall make no law respecting [] abridging the freedom of speech [] the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.*

PLAINTIFF'S ORIGINAL COMPLAINT                                    Page 4

29.     The Fourth Amendment guarantees everyone the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

30.     The Fourteenth Amendment provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

31.     All the above Constitutional violations are actionable pursuant to 42 U.S.C. Section 1983 and 1988.

32.     The City of Houston through the Mayor, Chief of Police and other police hierarchy had a plan to arrest the protestors without probable cause making the City liable under *Monell*.

## PUNITIVE DAMAGES

33.     Plaintiff incorporates all preceding paragraphs as if set fully herein.

34.     The John Doe Officers actions and inactions cause them to be liable for punitive damages as they were consciously and deliberately indifferent to the plaintiff's constitutional rights and they did the acts knowingly, such acts being extreme and outrageous and shocking to the conscious.

## ATTORNEYS' FEES

35.     Plaintiff is entitled to recover attorneys' fees and costs to enforce his Constitutional rights and under 42 U.S.C. Sections 1983 and 1988.

## JURY TRIAL

PLAINTIFF'S ORIGINAL COMPLAINT                                              Page 5

36.     Plaintiff requests a trial by jury on all issues triable to a jury.

## CLASS ACTION

37.     Pursuant to Fed.R.Civ.P. Rule 23(a) and 23(b)(1) and (2), Class Representative Plaintiff Domingo Herrera brings this class action on his behalf and on behalf of other similarly situated individuals (Class) falsely detained and/or arrested for protesting in Houston during George Floyd protests.

38.     The exact number of members in the Class identified in the preceding paragraph is not presently known, but upon information and belief, Class 1 includes up to or more than 1000 individuals who are in danger of being detained or arrested now and in the future and is therefore so numerous that pursuant to Fed. R. Civ. P. 23(a)(1) joinder of individual members in this action is impracticable.

39.     There are common questions of law and fact in the action that relate to and affect the rights of each member of the Classes. The relief sought is common to the Classes, as all Putative Class Members were exposed to the same type of conduct by Defendant City of Houston experienced the same Constitutional violations by Defendants.  Accordingly, pursuant to Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to the Classes.

40.     The claims of the Class Representative are typical of the Class he represents as the Class Representative claims that Defendant City of Houston violated the rights held by the Putative Class Members under the First, Fourth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983, 42 U.S.C. §1988, and state law. There is no conflict between the putative Class Representative and any other members of the Classes with respect to this action.

41.     Domingo Herrera is an adequate representative of the Class because his interests do not conflict with the interests of the Class that he seeks to represent and he intends to prosecute this action vigorously.  Accordingly, pursuant to fed. R. Civ. P. 23(a)(4), the Class representatives will fairly and adequately protect the interests of the Class.

42.     This action is properly maintained as a class action in that the prosecution of separate actions by individual Putative Class Members would create a risk of different adjudications with respect to individual members of the Class that, as a practical matter, would be dispositive of the interests of other members not party to the adjudication, or would substantially impair or impede their ability to protect their interests, or would establish incompatible standards of conduct for City of Houston.

43.     This action is properly maintainable under Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3) because The City of Houston has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and/or corresponding declaratory relief with respect to the Class as a whole and because questions of law and fact predominate over questions affecting individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case.

44.     The questions of law or fact common to the Class and which predominate over any other questions affecting individual Putative Class Members, include without limitation:

    a.  Whether The City of Houston had a custom, policy and practice of detaining and arresting individuals without reasonable suspicion or probable cause at the George Floyd protests;

PLAINTIFF'S ORIGINAL COMPLAINT                                              Page 7

b.    Whether The City of Houston failed to properly train their employees or correct their abuses including arresting/detaining people due to warrants that were for other persons;

45.    This action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individual litigation would increase the delay and expense to all parties and the court system, would create the potential for inconsistent or contradictory judgments and would possibly impair or impede the ability of individual Putative Class Members to protect their interests. The class action presents far fewer management difficulties and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

46.    The attorney for the Class representatives is experienced and capable in the field of constitutional law and civil rights and has been recognized as knowledgeable, capable counsel who has carried out his duties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Domingo Herrera requests that the Court:

A.    Enter judgment for the plaintiff and against Defendants holding them jointly and severally liable;

B.    Find that Plaintiff is the prevailing party in this case and award attorneys' fees and costs, pursuant to federal law, as noted against all defendants;

C.    Award damages to Plaintiff for the violations of his rights under the 1st, 4th and 14th Amendments and under state law;

D.      Award Pre- and post-judgement interest;

E.      Award Punitive damages against each and every individually named defendant,

F.      Certify the class; and

G.      Grant such other and further relief as appears reasonable and just, to which plaintiff

shows himself entitled.


Respectfully submitted,

/s/ *Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC
State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:   713.320.3785
FAX:        713.893.6737
E-mail:       AttorneyKallinen@aol.com
Attorney for Plaintiff